UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CARLOS M. CAMERON,

        Petitioner,

v.

        Case No. 20-cv-1709-pp

UNITED STATES OF AMERICA,

        Respondent.

---

**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. §2255 (DKT. NO. 1), DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (DKT. NO. 2), DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY AND DISMISSING CASE WITH PREJUDICE**

---

On November 12, 2020, the petitioner, representing himself, filed a motion to vacate, set aside or correct the criminal sentence imposed in <u>United States v. Carlos Cameron</u>, Case No. 02-cr-136 (E.D. Wis.). Dkt. No. 1. The motion asserts that the petitioner did not know that his 2002 convictions for conspiring to distribute MDMA, distributing MDMA and possession with intent to distribute MDMA would count as predicate offenses under the Armed Career Criminal Act. <u>Id.</u> at 4-7. Three weeks later, he filed a motion to appoint counsel. Dkt. No. 2. This order denies the motion to vacate, set aside or correct the sentence, dismisses the case with prejudice, denies as moot the motion for appointment of counsel and declines to issue a certificate of appealability.

1

## I. Background

### A. Underlying Case

#### 1. *Superseding indictment*

On July 23, 2002, the grand jury returned a superseding indictment against the petitioner, Miguel Esteves, Harry Anderson and Anthony Rivera. United States v. Cameron, Case No. 02-cr-136, Dkt. No. 19. Count One charged the petitioner, Esteves, Anderson and Rivera with conspiracy to distribute MDMA in violation of 21 U.S.C. §§841(a)(1) and b(1)(C). Id. at 1. Count Two charged the petitioner, Esteves and Rivera with distributing MDMA in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C) and 18 U.S.C. §2. Id. at 2. Counts Three and Six charged the petitioner and Esteves with distributing MDMA in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C) and 18 U.S.C. §2. Id. at 3, 6. Count Seven charged the petitioner and Esteves with possessing with intent to distribute MDMA in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C) and 18 U.S.C. §2. Id. at 7.

#### 2. *Plea agreement*

On September 19, 2002, the petitioner (represented by Attorney Paul Flynn) signed a plea agreement, which was filed the following day. Dkt. No. 50. The agreement stated that the petitioner was pleading to Counts One, Two, Three, Six and Seven of the superseding indictment. Id. at ¶4. It indicated that the petitioner had read and fully understood the charges in the superseding indictment and "the nature and elements of the crimes with which he ha[d] been charged" and that his attorney had fully explained "the terms and

2

Case 2:20-cv-01709-PP    Filed 07/12/22    Page 2 of 16    Document 3

conditions of the plea agreement." Id. at ¶3. In the agreement, the petitioner acknowledged, understood and agreed that he was guilty of the offenses charged in Counts One, Two, Three, Six and Seven. Id. at ¶5. The agreement stated that the petitioner understood and agreed that each count carried a maximum penalty of twenty years in prison, a $1 million fine and a lifetime term of extended supervision. Id. at ¶6. It reflected a minimum term of three years of supervised release and indicated that "a restitution order may be entered by the court." Id. The agreement stated that the petitioner acknowledged, understood and agreed that he "discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney." Id. at ¶7.

The agreement also laid out the elements of the charges. Id. at ¶8. It said that the parties understood and agreed that to sustain the charge of conspiracy to distribute MDMA set forth in Count One of the superseding indictment, the government must prove beyond a reasonable doubt that (1) the conspiracy to distribute MDMA existed, and (2) the petitioner knowingly and intentionally became a member of the conspiracy with intent to further the conspiracy. Id. The parties understood and agreed that to sustain the charge of distribution of MDMA set forth in Counts Two, Three and Six, the government must prove beyond a reasonable doubt that (1) the petitioner distributed MDMA to another person, (2) the petitioner did so knowingly and intentionally, and (3) the petitioner knew MDMA was a controlled substance. Id. The parties confirmed that they understood and agreed that to sustain the charge of possession of MDMA with intent to distribute set forth in Count Seven, the government must

3

prove beyond a reasonable doubt that (1) the petitioner knowingly or intentionally possessed MDMA, (2) the petitioner possessed the controlled substance with intent to distribute it to another, and (2) the petitioner knew MDMA was a controlled substance. Id.

The agreement reflected that the petitioner acknowledged and agreed "that his attorney . . . discussed the applicable sentencing guidelines provisions with [the petitioner] to [the petitioner's] satisfaction." Id. at ¶11. The petitioner acknowledged and understood that the agreement did not "create any right to be sentenced within any particular range." Id. at ¶15. It explained that the petitioner acknowledged, understood and agreed that he "may qualify as a career offender under the sentencing guidelines." Id. at ¶19. The agreement provided that the petitioner "may not move to withdraw the guilty plea solely as a result of a determination that he is determined to be a career offender under the sentencing guidelines." Id. It stated that "[t]he sentencing court [would] make its own determinations regarding any and all issues relating to the application of the sentencing guidelines and may impose any sentence authorized by law up to the maximum penalties set forth" in the agreement." Id. at ¶23. The petitioner acknowledged, understood and agreed that he could not "move to withdraw the guilty plea solely as a result of the sentence imposed by the court." Id.

The petitioner acknowledged and understood that if he violated any term of his agreement at any time, the agreement would become "null and void at the discretion of the government." Id. at ¶38. He acknowledged, understood

4

and agreed that he would plead guilty "freely and voluntarily because he [was] in fact guilty," and that "no threats, promises, representations, or other inducements ha[d] been made, nor agreements reached, other than those set forth in [the] agreement, to induce [the petitioner] to plead guilty." Id. at ¶39.

3.  *Change-of-plea hearing, sentencing and revocation*

On September 24, 2002, the court held a change-of-plea hearing. Dkt. No. 54. The petitioner pled guilty to Counts One, Two, Three, Six and Seven of the superseding indictment. Id. Three months later, United States District Judge Charles N. Clevert, Jr. sentenced to petitioner to forty-six months in prison followed by three years of supervised release. Dkt. No. 72.

On August 4, 2006, the petitioner appeared before Judge Clevert (represented by Attorney Glen Kulkoski) on allegations that he had committed Grade C violations of his supervised release. Dkt. No. 86. The defendant did not contest the violations, but Judge Clevert deferred revocation. Id. On October 13, 2006, Judge Clevert decided not to revoke the petitioner's supervised release because of his progress. Dkt. No. 87. That progress did not continue, however, and on May 15, 2008, Judge Clevert held another revocation hearing. Dkt. No. 97. Revoking the petitioner's supervised release, Judge Clevert sentenced the petitioner to twenty-one months in prison. Id. Judge Clevert imposed that sentence to run "concurrently with the sentence imposed in USDC Eastern District of Wisconsin Case No. 08-CR-2."[1] Dkt. No. 9 at 2.

---

[1] On December 14, 2007, while he was on supervised release for the 2002 federal case, the defendant was charged in this district with bank robbery. United States v. Carlos Cameron, Case No. 08-cr-02 (E.D. Wis.), Dkt. No. 1. By

5

B.  Petitioner's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. §2255

Twelve and a half years later, on November 12, 2020, the petitioner filed this motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255. Cameron v. United States, Case No. 20-cv-1709, Dkt. No. 1. The motion asserts three grounds for relief: (1) ineffective assistance of counsel for failing to inform the petitioner of the consequences of his guilty plea, id. at 4; (2) "[t]he assistant U.S attorney [sic] and the court erred when they failed to inform [the petitioner] of the consequences to pleading guilty to all counts," id. at 5; and (3) the petitioner did not enter into his plea agreement knowingly and intelligently, id. at 7.

## II. Analysis

A.  Standard

In a §2255 proceeding, the court must first review—or "screen"—the motion. Rule 4 of the Rules Governing Section 2255 Proceedings provides that

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A petitioner seeking relief under §2255 must allege either that the sentence violated the Constitution or laws of the United States, that the court

---

the time he appeared before Judge Clevert in May 2008, the petitioner had pled guilty, id. at dkt. nos. 17, 20, and on May 15, 2008—the same day his supervision was revoked by Judge Clevert—was sentenced by Judge J.P. Stadtmueller to a sentence of 209 months, id. at dkt. nos. 22, 23.

6

was without jurisdiction, that the sentence exceeded the maximum authorized by law or that the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255(a). At the screening stage, the court considers whether the petitioner has raised claims that can be adjudicated in a §2255 proceeding, whether the petitioner has exhausted his claims and whether he filed the motion within the limitations period.

B. Application

In his first ground, the petitioner states that his attorney "failed to inform [the petitioner] of the consequences of pleading guilty to multiple count of the indictment." Dkt. No. 1 at 4. He asserts that his attorney "informed [the petitioner] that pleading guilty all counts would be the same as pleading guilty to one count because they would all count as one count at sentence, forgetting to inform [the petitioner] that each count would count as a predicate offenses on any future offense, effectively making [the petitioner] a career or armed career criminal at the signing of [his] plea." Id. The petitioner's second ground alleges the same error on the part of the court and the Assistant United States Attorney who prosecuted his underlying case. Id. at 5. In his third ground, the petitioner states that his attorney "informed [the petitioner] that the plea would count all counts as one sentence so [the petitioner] wouldn't be negitivly affected by pleading to all counts of the indictment failing to explain the stain on [his] record by having so many predicate offenses." Id. at 7.

The court will deny the §2255 motion.

7

Case 2:20-cv-01709-PP   Filed 07/12/22   Page 7 of 16   Document 3

1. *Timeliness*

28 U.S.C. §2255 imposes a one-year limitation period for filing motions to vacate, set aside or correct federal sentences. The one-year period begins on the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).

Judge Clevert entered judgment in the underlying criminal case on January 16, 2003. United States v. Cameron, Case No. 02-cr-136, Dkt. No. 72. The petitioner's fourteen days to appeal expired on January 30, 2003. The court entered judgment of revocation on May 23, 2008. Dkt. No. 99. The petitioner filed his §2255 motion on November 12, 2020—almost eighteen years after the original criminal judgment and twelve and a half years after the judgment of revocation. The petitioner did not file his §2255 motion within one year of his judgment becoming final under §2255(f)(1); he has not alleged that an impediment prevented him from filing his motion under §2255(f)(2); he has

8

not asserted that the Supreme Court has recognized and made retroactively applicable to cases on collateral review a new right under §2255(f)(3).

That leaves §2255(f)(4), "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." In the "TIMELINESS OF MOTION" section of his §2255 motion, the petitioner explains that "Jan 16 2020 is when I found out about the facts supporting my claims." Dkt. No. 1 at 11.

The court already has noted that the petitioner was charged in a second federal case in 2008. One of the counts to which the petitioner pled guilty in the 2008 case was a count of using and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. §924(c). United States v. Cameron, Case No. 08-cr-2, Dkt. No. 17 at ¶5. Section 924(c) says that any person who brandishes a firearm in furtherance of a crime of violence must be sentenced to no less than seven years. The plea agreement in the 2008 case, which the petitioner and Attorney Glen Kulkoski signed on February 26, 2008, advised the petitioner that that count carried a mandatory minimum sentence of seven years. Id., Dkt. No. 17 at ¶7. The agreement also indicated that the petitioner had "discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney, including any possibility that the [petitioner] may qualify as a career offender under the sentencing guidelines." Id., Dkt. No. 17 at ¶8.

On May 15, 2008, Judge Stadtmueller sentenced the petitioner to the mandatory minimum sentence of seven years on the §924(c) count and 125

months (ten years and five months) on the bank robbery counts, for a total sentence of 209 months. Id., Dkt. Nos. 22, 23. If the petitioner is asserting that his 2002 conviction resulted in his receiving an enhanced sentence in the 2008 case, the petition is untimely. The defendant knew, as of his May 15, 2008 sentencing before Judge Stadtmueller, the bases for any sentencing enhancements. He filed this motion on November 12, 2020—over twelve years later.

The petitioner has had yet a third federal case. On July 16, 2019, the petitioner was indicted in a one-count indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). United States v. Cameron, Case No. 19-cr-130 (E.D. Wis.), Dkt. No. 1. The indictment also stated that the defendant was an Armed Career Criminal because he had prior convictions for conspiracy to distribute and distribution of MDMA (the 2002 case) and bank robbery (the 2008 case). Id. The docket indicates that the petitioner was arrested on this charge on January 16, 2020 and appeared the same day for his initial appearance/arraignment and plea. Id., Dkt. Nos. 2, 4. At that hearing, the defendant was advised that the charge against him carried a sentence of fifteen years to life. Id., Dkt. No. 4 at 1. The Armed Career Criminal Act—18 U.S.C. §924(e)—says that a person who violates 18 U.S.C. §922(g) after acquiring three previous convictions for violent felonies or serious drug offenses must be imprisoned not less than fifteen years (180 months).

The petitioner says he did not learn of the facts giving rise to his claim until January 16, 2020. So while the petitioner is not clear about this in the

10

petition, it appears that he is asserting that he was not aware until the January 16, 2020 arraignment and plea hearing in the 2019 gun case that he qualified as an Armed Career Criminal under 18 U.S.C. §924(e) and that, because of his prior convictions (including his drug conviction in the 2002 case before Judge Clevert), he faced a mandatory minimum sentence of fifteen years in prison.

If this is what the petitioner means to argue, the court will assume that his November 12, 2020 motion to vacate, set aside or correct his sentence was filed within one year of the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[2] The court will find that the petition was timely filed.

### 2. *Procedural Default*

While a claim must be timely, it also must be cognizable. For a claim to be cognizable under §2255, the petitioner must have raised the claim on direct appeal; "[a]ny claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." Delatorre v. United States, 847 F.3d 837, 843 (7th Cir. 2017) (citing Hale v. United States, 710 F.3d 711, 713-14 (7th Cir. 2013)). "Procedurally defaulted constitutional claims are not considered on collateral review unless the petitioner shows either (1) actual innocence or (2) cause and

---

[2] The court makes no finding about whether the petitioner could have discovered the facts relating to his possible qualification as an Armed Career Criminal with the exercise of due diligence.

11

prejudice." Delatorre, 847 F.3d at 843 (citing Bousley v. United States, 523 U.S. 614, 622 (1998)).

If the petitioner raised the claim on direct appeal, the "law of the case" doctrine dictates that a Circuit Court of Appeals' decision becomes binding when that defendant later raises the same claim through a §2255 motion to vacate, set aside or correct a sentence. Fuller v. United States, 398 F.3d 644, 648 (7th Cir. 2005) (citing United States v. Mazak, 789 F.2d 580, 581 (7th Cir. 1986)).

The petitioner argues that he did not know his offenses would count as predicate offenses for purposes of the Armed Career Criminal Act. Dkt. No. 1 at 4. The petitioner raises this claim for the first time in the §2255 motion.

> A claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir.2009). Likewise, a § 2255 appellant cannot raise for the first time on appeal a claim not presented to the district court in the § 2255 proceedings below. *Pierce v. United States*, 976 F.2d 369, 371 (7th Cir.1992). A federal prisoner cannot bring defaulted claims on collateral attack unless he shows both cause and prejudice for the default. *Hale v. United States*, 710 F.3d 711, 713 (7th Cir.2013); *Gant v. United States*, 627 F.3d 677, 683 (7th Cir.2010). Absent a showing of both cause and prejudice, procedural default will only be excused if the prisoner can demonstrate that he is "actually innocent" of the crimes of which he was convicted. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir.2008).

McCoy v. United States, 815 F.3d 292, 295 (7th Cir. 2016).

Normally, the doctrine of procedural default would bar this claim because the petitioner did not raise it before this court or the Seventh Circuit. But a petitioner may overcome procedural default if he can show that he had

12

cause for his failure to raise the issue earlier and that he suffered actual prejudice. Cross v. United States, 892 F.3d 288, 294 (7th Cir. 2018) (citing Bousley, 523 U.S. at 622). As the court discussed above, it appears likely that the petitioner would argue that the reason he did not raise this claim on direct appeal is because, at that point, he had not been charged with being an Armed Career Criminal and so he had no reason to know that his conviction in the 2002 case could result in his qualifying for a fifteen-year mandatory minimum sentence under that statute. He has asserted that he did not become aware of that fact until his arraignment in the 2019 case. The court has accepted that assertion, and so finds that the petitioner did not procedurally default on this claim.

       3.    *Merits*

Where the petitioner's claim fails is on its merits. The Seventh Circuit held years ago that it is not unreasonable for a defense attorney to fail to advise his client that "a guilty plea could result in a later sentencing enhancement for a future crime." United States v. Reeves, 695 F.3d 637, 640 (7th Cir. 2012).

More to the point, the petitioner cannot demonstrate any harm from his attorney's alleged failure (or that of the court or the prosecutor) to advise him that his guilty plea could result in a sentencing enhancement in a crime committed years later. The petitioner claims he learned of the possible Armed Career Criminal enhancement on January 16, 2020. He filed this motion on November 12, 2020. On September 22, 2021, however, the petitioner and his attorney Gabriela Leija signed a plea agreement in which the petitioner agreed

13

to plead guilty to an information. United States v. Cameron, Case No. 19-cr-130, Dkt. No. 34. The information charged the petitioner with knowingly attempting to transfer a firearm to a person knowing that person previously had been convicted of a felony in violation of 18 U.S.C. §922(d)(1). Id., Dkt. No. 33. A conviction for violating §922(d)(1) does *not* expose the person convicted to an Armed Career Criminal enhancement. In other words, the government agreed to allow the petitioner to plead to a charge that did not carry a fifteen-year mandatory minimum, despite the fact that he had prior convictions for serious drug crimes and violent felonies.

This court accepted that plea on November 2, 2021. Id., Dkt. No. 36. On April 6, 2022, this court sentenced the defendant to serve ninety months in custody, to run concurrently with the revocation sentence to be imposed by Judge Stadtmueller in the 2008 case. Id., Dkt. Nos. 51, 52. This court did *not* sentence the petitioner as an Armed Career Criminal.

So—even if the petitioner's attorney in the 2002 case had had an obligation (which he did not) to tell the petitioner that if he committed a gun offense in the future, his conviction in the 2002 case could result in an enhanced sentence, the petitioner was not subject to and did not receive an enhanced sentence in the 2019, so he cannot demonstrate that he suffered any prejudice from the alleged failure.

The court will deny the §2255 motion and dismiss the case.

**III. Petitioner's Motion Requesting Appointment of Counsel (Dkt. No. 2)**

Stating that he "lack[s] the legal knowlge to litigate this case," the petitioner asked the court to appoint him an attorney. Dkt. No. 2. Because the court is denying the §2255 motion and dismissing the case, the motion for appointment of counsel is moot. Even if the court were not dismissing the case, it likely would not have granted the motion to appoint counsel. An incarcerated person does not have a constitutional right to counsel for a collateral attack on his conviction. Cannon v. United States, 326 F. App'x 393, 395 (7th Cir. 2009).

**IV. Certificate of Appealability**

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the §2255 motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability, because reasonable jurists could not debate that the petitioner's motion to vacate, set aside or correct his sentence plainly does not entitle him to relief.

## V. Conclusion

The court **DENIES** the petitioner's motion to vacate, set aside or correct the sentence under 28 U.S.C. §2255. Dkt. No. 1.

The court **DENIES AS MOOT** the petitioner's motion requesting appointment of counsel. Dkt. No. 2.

The court **DECLINES** to issue a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 12th day of July, 2022.

          **BY THE COURT:**

          _____
          **HON. PAMELA PEPPER**
          **Chief United States District Judge**